UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNIVERSITY SPINE CENTER** o/a/o John W.,<br><br>Plaintiff,<br><br>v.<br><br>**AETNA, INC. and JOHN DOE,**<br><br>Defendants. | Civ. No. 2:18-02823<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

       Plaintiff University Spine Center, on assignment of John W. ("Patient"), brings this action against Defendant Aetna, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in connection with Defendant's alleged failure to remit proper payment to Plaintiff under the terms of Patient's medical plan. This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is **GRANTED** and Plaintiff's complaint (the "Complaint") is **DISMISSED WITH PREJUDICE**.

I.    BACKGROUND

       Plaintiff is a healthcare provider in Passaic County, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant provides health insurance and administrative services for self-funded medical benefits plans in New Jersey and throughout the United States. *See* Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") 3, ECF No. 10-2. At all relevant times, Patient was a member of a health benefits plan (the "Plan") administered by Defendant. *See* Decl. of K. Depaepe ("Depaepe Decl.") ¶ 3, ECF No. 10-3.

       On December 6, 2016, Plaintiff performed an anterior cervical diskectomy and anterior cervical disk replacement on Patient. Compl. ¶ 6–7. Patient transferred all his rights to benefit payments under the Plan to Plaintiff. *Id.* ¶ 8. Plaintiff subsequently filed a claim with Defendant for $120,324.00 in reimbursement for services rendered to Patient. *Id.* ¶ 10. Defendant paid $9,321.84 of that claim. *Id.* ¶ 11. On February 28, 2018, Plaintiff

1

filed suit, alleging that Defendant failed to make all payments and provide the summary plan description as required by ERISA and that it breached its fiduciary duty. *Id*. ¶¶ 19–41. Plaintiff does not allege that it had a contract with Defendant governing reimbursement. Plaintiff, therefore, was an "out-of-network" provider at the time it performed its services on Patient. *See id*. ¶¶ 4–18; Def.'s Mem. at 3.

Defendant now moves to dismiss, arguing first that Plaintiff lacks standing to assert its ERISA claim because the Plan contains a valid and enforceable anti-assignment clause. *See* Def.'s Mem. at 7–10. Alternatively, Defendant argues that the second and third counts of the Complaint fail as a matter of law.[1] *See id*. at 10–15.

Plaintiff opposes, arguing that the Plan's anti-assignment clause does not render Patient's assignment of his benefit rights to Plaintiff invalid. *See* Pl.'s Br. in Opp'n to Def.'s Mot. ("Pl.'s Opp'n") 4–11, ECF No. 16. Plaintiff further argues that the language of the anti-assignment clause is ambiguous and, therefore, must be construed against Defendant. *See id*. at 11−14. Defendant filed a reply, reiterating the enforceability of the anti-assignment clause and asserting that the language is clear and unambiguous. *See* Def.'s Reply Br. in Supp. of Its Mot., ECF No. 17.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual attack, as Defendant presents here, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997). The plaintiff bears the burden of proving that jurisdiction exists. *Gould Elecs.*, 220 F.3d at 178.

## III. DISCUSSION

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Defendant challenges Plaintiff's standing to sue based on the anti-assignment clause located in the Plan documents, restraining Patient from assigning his benefits. *See* Def.'s Mem. at 7–10. The anti-assignment clause in question reads as follows:

---

[1] The Court need not address these arguments in detail because it finds that the anti-assignment clause is valid and enforceable for reasons set forth below.

> ***Coverage and your rights under this plan may not be assigned***. A direction to pay a provider is not an assignment of any right under this plan or of any legal or equitable right to institute any court proceeding.

Depaepe Decl., Ex. 1 75, ECF No. 10-4 (emphasis added).

The Third Circuit recently determined that anti-assignment clauses in ERISA plans are enforceable. *See Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018) ("We now . . . hold that anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable."). The anti-assignment clause in that case read, "[t]he right of a Member to receive benefit payments under this Program is personal to the Member and *is not assignable* in whole or in part to any person, Hospital, or other entity[.]" *Id*. at 448 (emphasis original).

Incredibly, it appears that Plaintiff's counsel copied verbatim large portions of another opposition brief that it filed in a similarly situated case before this Court a mere three months ago and regurgitated that same argument here. In *University Spine Center v. Anthem Blue Cross Blue Shield*, No. 2:18-cv-1103, Plaintiff made the identical argument that the language in the anti-assignment clause "simply does not manifest the intent to limit the Patient's *power* to assign . . . because it does not use the words void or invalid or any of the other language" referenced in the case law cited by Plaintiff. *Compare* Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss or, Alternatively, Cross-Mot. for a Stay of Proceedings at 17–24, *Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, No. 18-cv-1103 (D.N.J. May 7, 2018), ECF No. 8., *with* Pl.'s Opp'n at 4–11.

In the previous case, this Court found the following: "The anti-assignment clause in *American Orthopedic* also did not contain the words 'void' or 'invalid,' and yet the Third Circuit still determined that the clause was enforceable and that plaintiff, therefore, lacked standing to sue." *Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, No. 18-cv-1103, 2018 WL 2357756, at *3 (D.N.J. May 24, 2018) (citing *Am. Orthopedic*, 890 F.3d at 453–55). Accordingly, this Court found that the anti-assignment clause was enforceable. *Id*. Unsurprisingly, Plaintiff offers no further explanation as to why its tortured argument should prevail in the instant case despite this Court's previous rejection of it. Simply put, it was a loser then and it is a loser now.

Plaintiff also attempts to conjure ambiguity out of the language in the anti-assignment clause. *See* Pl.'s Opp'n at 11–14. The Court finds nothing ambiguous about the following sentence: "Coverage and your rights under this plan ***may not be assigned***." Whatever else might be said about the second sentence, the first makes clear that Patient could not assign his right to reimbursement under the Plan to Plaintiff. Consequently, the Court finds that the anti-assignment clause is valid and enforceable and that Plaintiff, therefore, lacks standing to bring its claims against Defendant. Accordingly, Defendant's motion to dismiss is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 15, 2018**